IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARNER DWIGHT PADGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00929 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| THE STATE OF TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

On November 30, 2022, the Court directed Garner Dwight Padgett to clarify the nature of this case and address the filing fee. Padgett has clarified that he brings this case under 42 U.S.C. § 1983 (Doc. No. 4 at 1; Doc. No. 5 at 1) and he filed an application to proceed as a pauper. (Doc. No. 5 at 3–18.) He also filed a motion to amend. (Doc. No. 4.) This case is now before the Court for initial review.

I. **Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Padgett's application is accompanied by a certified copy of his inmate trust account statement, as required by statute. (Doc. No. 5 at 3–4, 6); 28 U.S.C. § 1915(a)(2). This application reflects that Padgett does not have sufficient funds to pay the full filing fee in advance. (*See* Doc. No. 5 at 6 (showing spendable balance of $3.74 in Padgett's trust account).) Accordingly, Padgett's application will be granted, and he will be assessed the $350.00 filing fee. 28 U.S.C. § 1915(b).

II. **Motion to Amend**

Padgett filed a motion requesting to remove Warden Brian Eller as a Defendant and add the Tennessee Attorney General as a Defendant. (Doc. No. 4.) This motion will be granted.

**III. Initial Review**

The Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. And because Padgett is representing himself, the Court must hold the pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Allegations**

In 2002, a state jury convicted Garner Dwight Padgett of first-degree murder, and the trial court sentenced him to life imprisonment. *In re: Garner Padgett*, No. 21-6235, Doc. No. 21-2 at 1 (6th Cir. June 17, 2022). Padgett asserts violations of his right to an impartial judge and jury at trial. (*See* Doc. No. 1 at 1, 8–10, 14–15; Doc. No. 5 at 1.)

**B. Legal Standard**

On initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

Section 1983 "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under

color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). "Under the *Heck* doctrine," however, "a Section 1983 suit is not cognizable if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). *Heck* lists four ways "a conviction could be invalidated: (1) reversal on direct appeal; (2) executive expungement; (3) declared invalid by a state tribunal; or (4) called into question by a writ of habeas corpus." *Carr v. Louisville-Jefferson Cnty.*, 37 F.4th 389, 392 (6th Cir. 2022) (citing *Heck*, 512 U.S. 486–87).

Here, Padgett seeks to use this Section 1983 case to assert violations of his right to an impartial judge and jury at his 2002 trial. Success on these claims would necessarily invalidate his murder conviction, and this conviction has not been set aside within the meaning of *Heck*. Indeed, as the Sixth Circuit recently explained, Padgett has unsuccessfully attempted to set aside this conviction on direct appeal, through the state post-conviction process, by filing an initial federal habeas corpus petition, and by requesting permission to file a second or successive federal habeas petition. *See In re: Padgett*, No. 21-6235, Doc. No. 21-2 at 2–4. Because this case is barred by the *Heck* doctrine, it will be dismissed without prejudice. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (reflecting that *Heck* dismissals are without prejudice) (citation omitted);

## IV. Conclusion

For these reasons, Padgett's request for pauper status and motion to amend will be granted, and this case will be dismissed without prejudice for failure to state a claim based on *Heck*.[1]

---

[1] The Court realizes that one may understandably doubt that this dismissal, since it is for failure to state a claim, should be without prejudice. But two things are clear: (a) as noted, above, a dismissal based on *Heck* is a dismissal without prejudice; and (b) in the Sixth Circuit, a dismissal based on *Heck* is properly viewed as a dismissal for failure to state a claim, *Avery v. Byrd*, No. 3:20-CV-00872, 2020 WL 6712166, at *1 n.1.

An appropriate Order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

(M.D. Tenn. Nov. 16, 2020). So in this context, at least, the dismissal is properly without prejudice even though it is properly viewed as one for failure to state a claim.

!